[No. 6161. Decided September 25, 1906.]

JENNIE SCHELL et al., Appellants, v. THE CITY OF
WALLA WALLA, Respondent.[1]

PLEADING—ANSWER—DEMURRER. The overruling of a demurrer to
an answer is not error when the demurrer is practically a denial of
all the averments of the complaint.

APPEAL—RECORD—INDEX AND CLASSIFICATION. The evidence in a
case tried largely on exhibits, immense in quantity, and disorderly
arranged in the record, without index or classification of any kind,
will not be reviewed.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered September 1, 1905, in
favor of the defendant, upon granting a nonsuit at the close
of plaintiffs' case, dismissing an action to set aside an assess-
ment for street improvements. Affirmed.

*Brooks & Bartlett*, for appellants.

*Sharpstein & Sharpstein*, for respondent.

DUNBAR, J.—This was an action to set aside a street
assessment in the city of Walla Walla. The defendant an-
swered, and plaintiffs demurred to the answer, which de-
murrer was overruled by the court. Upon the conclusion of
the testimony, the court stated that the plaintiffs were not
entitled to recover anything and had not made out a case
entitling them to any judgment whatever, and judgment was
entered in favor of the defendant for costs. From such
judgment this appeal is taken.

The demurrer to the answer was properly overruled, for
it was practically a denial of all the averments of the com-
plaint, and if it did not state a defense, it was because the
complaint did not state a cause of action.

On the merits: This case was tried largely upon testi-
mony in the shape of exhibits. These exhibits, which are

[1]Reported in 86 Pac. 1114.

immense in quantity, consisting of large newspaper clippings, reports, certificates, summons, orders, etc., are bundled into the record in the wildest confusion, without index or classification of any kind. It is even doubtful if the certificate of the judge could be deemed to comprehend them. The duty is not imposed upon this court to employ its time in segregating and classifying such testimony in a manner that would make it practical for consideration, and certainly without such consideration the judgment could not be reversed. The appellants, in answer to the suggestion of the respondent that the judgment should be affirmed on account of the impossibility of arriving at a just determination by reason of the state of the record, do not deny the confused condition of the record, but attempt to excuse it by asserting that the confusion was brought about by the suggestions of the counsel for the respondent as to how the cause should be tried in the lower court. We hardly see what effect this would have upon the appellants in the preparation of the record on appeal. But, however that may be, the essential fact remains that the exhibits are not presented here in such a manner that they can be examined by the court. In addition to this, from an examination of the oral testimony presented, we are satisfied that the court was right in the statement made that there seemed to be no merit in the case. The allegations of the complaint were not sustained, even by the appellants' own testimony, and the technical legal questions involved have been decided so often by this court that it does not feel called upon to again review them.

The judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, ROOT, and CROW, JJ., concur.